UNITED STATES of America,
Plaintiff-Appellee,

v.

Frederick Clarence EDGE, Defendant-
Appellant.

No. 565, Docket 33009.

United States Court of Appeals
Second Circuit.

Argued May 12, 1969.

Decided May 15, 1969.

Vincent T. McCarthy, U. S. Atty., and Stuart B. Stillman, Asst. U. S. Atty., Eastern District of New York, for plaintiff-appellee.

Benjamin Sneed, New York City, for defendant-appellant.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

Frederick Clarence Edge, convicted on trial to the jury in the United States District Court for the Eastern District of New York, Jacob Mishler, Judge, on charges of possession and passing of counterfeits, in violation of 18 U.S.C. § 472, appeals. We find no error and affirm the conviction.

Edge raises questions of evidence of knowledge, intent to defraud and flight which on the facts here appear insubstantial. The one point of some concern is a claim that confessions in violation of the *Miranda* rule [1] were admitted against Edge. He was arrested by local police, and questioned even after he had asked for a lawyer. His statements at that time were properly excluded from evidence at the trial. When a federal agent arrived at the local precinct on the evening of the arrest, however, a full explanation of his rights was given Edge, including a statement of his right to counsel and advice that counsel would be provided at government expense if he desired and could not afford counsel. Edge was removed from the precinct to the federal House of Detention, and this advice was repeated the next morning prior to his further interrogation at Secret Service Headquarters, where Edge freely made and signed the statement which was allowed in evidence. The federal agents were not informed of the prior request to see an attorney. Prior to the statement in issue there had been removal from local police custody, full warning and opportunity twice repeated to obtain counsel and understanding thereof, and a free decision to confess. Under these circumstances we cannot say that the standards of *Miranda* have not been met. The judgment is affirmed.

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).